Dennis agt. Snell.

———•◆•———

## SUPREME COURT.

ALONZO F. DENNIS, respondent agt. ALEXANDER SNELL, appellant.

An application for leave to *amend a pleading* on the trial is always addressed to the discretion of the court, and, if denied, is not the subject of appeal or review.

In an action against a *sheriff, for taking and converting* the property of the plaintiff, it is not necessary to aver in the complaint that the property taken was *exempt from execution.*

The proof of such fact on the trial can only become necessary to meet a defense, and can then be given in evidence without being pleaded.

Where, however, the complaint contains an averment that the property is exempt from execution, the defendant is not compelled to set up in his answer the *non-exemption of the property*, or be excluded from proving it on the trial, merely because

it is averred in the complaint. It is an immaterial allegation, which it is not neces-
sary to deny.

If the sheriff relies entirely upon the *execution* in taking property, it is sufficient
for him merely to set forth the writ; but if he desires to go beyond the execution,
and inquire into the *consideration of the judgment* upon which the execution is
issued, he must plead the *judgment*, and set it forth in his answer.

*Fourth District General Term, Canton, October*, 1866.

*Present,* BOCKES, ROSEKRANS, POTTER *and* JAMES, *Justices.*

THIS was an action against the defendant, as sheriff, for
taking and selling property on execution alleged to be
exempt.

The complaint averred that defendant was sheriff of Mont-
gomery county; that in May, 1864, by his deputy, he took
away and converted certain property of the plaintiff, of the
value of $232; that plaintiff was a householder, had a family
for which he provided, and that said property was his team,
used in their support.

The answer, after denying most of the allegations of the
complaint, for further answer justified the taking by virtue
of an execution issued to defendant, as sheriff, out of the
clerk's office of Montgomery county, commanding him to col-
lect of the goods and chattels of Alonzo F. Dennis and
another $60.84, which Joseph Platner recovered against
them for damages and costs, on the second day of May, 1863,
before Charles McLean, a justice of the peace of the county
of Otsego, a transcript of which was duly filed and judgment
docketed in the clerk's office of Montgomery county, April
1st, 1863 (as it is stated in said execution); and if sufficient
goods, &c.   That said defendant was sheriff of said county
of Montgomery; that said property was duly sold, &c.

On the trial, the plaintiff proved that defendant was
sheriff; that one La Rue was his deputy; that La Rue, by
virtue of an execution as set forth in the answer, levied upon
one bay horse, one bay mare, one double harness and one double
lumber wagon, the property of plaintiff. and sold the same;
that their value was $225; that at the time plaintiff was a
householder, and had a family for which he provided; that

this was his team, used in his support; that he had no other property except some household furniture, worth about $50; and that plaintiff forbid the sale and claimed the property as exempt.

Defendant thereupon offered to prove that the execution in question "was issued upon a judgment rendered upon a note which was given for another horse, which was the plaintiff's exempt team." The plaintiff objected to this proof, on the ground that it was inadmissible under the pleadings as evidence, and that defendant had not set up any such matter as a defense in the answer. The court sustained the objection, and defendant excepted.

The defendant then asked leave to amend his answer, to which the plaintiff's counsel objected; and the court declined to allow the amendment, and defendant excepted.

When the plaintiff rested, the defendant moved for a nonsuit, on the following grounds:

"1st. That plaintiff has not shown by the proofs that the "property taken and sold was exempt property; nor did it "appear from the pleadings.

"2d. If he has shown the property exempt, then "the seizure thereof upon the execution was without "the command of the process, and the defendant is not "liable."

The court denied the motion, and defendant excepted.

The defendant then offered to prove the judgment upon which the execution in evidence was issued, and to show that it was rendered for another horse, which was exempt. This was objebted to, on the ground that no judgment had been set up in the answer, and no allegation that it was for the purchase price of exempt property. The court sustained the objection, and defendant excepted.

The court submitted the question of value to the jury, and upon their finding directed a verdict for the amount for plaintiff.

SMITH & COUNTRYMAN, *for plaintiff.*
A. H. AYRES, *for defendant.*

*By the court,* JAMES, J. The motion for a non-suit was properly denied. It was made clearly to appear that the property which the defendant took and sold was exempt from levy and sale on execution. I cannot find anything in the case on which to sustain the other ground for non-suit. If it was based on the idea that the execution contained a direction excepting exempt property from its operation, that fact should have appeared in the case, either by statement, or a copy of the writ set forth, in order to raise the point on appeal. In the absence of all evidence of such exception, the court cannot assume that the writ contained such a direction, although that may be the usual form. Therefore the point cannot be considered.

An application for leave to amend a pleading on the trial is always addressed to the discretion of the court, and, if denied, is not the subject of appeal or review. (*Phincle* agt. *Vaughan,* 12 *Barb.* 215; *New York Marble Iron Works* agt. *Smith,* 4 *Duer,* 362; *Hendricks* agt. *Durkee,* 35 *Barb.* 298.)

The complaint in this case set forth the whole grounds of the plaintiff's cause of action, viz., that defendant was sheriff, La Rue his deputy, the taking and conversion of property under and by virtue of an execution against him, and that such property was exempt. It set forth more than was necessary. The cause of action was complete without any statement of the reason or authority for taking the property, and its exemption. (*Butler* agt. *Mason,* 16 *How.* 546.) Such allegations were not part of the gist of the cause of action, and were not necessary to be proved in the first instance to entitle the plaintiff to recover. (*Bedel* agt. *Cool,* 33 *N. Y. R.* 581; *Esselstyen* agt. *Weeks,* 2 *Kern.* 635; *Sands* agt. *St. John,* 36 *Barb.* 28, 31.)

The proof of such facts could only become necessary to

meet a defense, and could then be given in evidence without having been pleaded. (*Esselstyen* agt. *Weeks, supra.*)

Therefore the averment of these facts in the complaint did not impose upon the defendant the necessity of averring in his answer any facts other than such as were necessary to answer the material allegations of the complaint. In other words, the defendant was not compelled to set up in his answer the non-exemption of the property sued for, or be excluded from proving it on the trial, merely because the plaintiff averred its exemption in the complaint. The Code only requires the complaint to contain a plain and concise statement of the facts constituting the cause of action, in this case, that the defendant, by his deputy, took and converted his property and its value. The answer only required a general or specific denial of each material allegation, or the statement of new matter constituting a defense or counterclaim. In this case, the real defense was new matter, a justification under a judgment and execution. But, as the defendant was an officer, if he relied entirely upon the execution, and nothing beyond it, it was sufficient for him in such case merely to set forth the writ; but if he desired to go further, or it became necessary to inquire into the consideration of the judgment, it would be necessary to plead such judgment and to set it forth in his answer; and having averred the existence of a judgment, he would be at liberty to prove it, and would then be at liberty to show its consideration, without having averred it, if material to answer any fact proved by the plaintiff.

The theory of such a trial is this: The plaintiff having averred the tortious taking of his property by defendant, proves the act and the damages, and rests. The defendant having set up that he took it as an officer, by virtue of an execution against the plaintiff's goods and chattels, proves such execution, and rests. The plaintiff then, as he may, without averment, because the Code allows no reply to new matter constituting a defense in an answer, prove that he is

a householder with a family, and that the property taken was his team. That would take the property without the execution. Then, before the defendant can be permitted to overcome this, by proof of the consideration of the judgment, he must first establish his judgment. The existence of the judgment was new matter, and required to be pleaded. If the property in controversy had not been exempt property, an execution fair on its face would protect the officer, even though there was no legal judgment to back it, and therefore the existence of a judgment for that purpose need not be averred.

This is merely for the personal protection of the officer executing process; but when the officer sees fit to go beyond the power of the process, or for any other reason, when sued, it becomes necessary for him to prove a judgment, he, no more than any other party, can do so, without having pleaded its existence in the answer.

Therefore, for the reason that the judgment on which the execution was issued was not set up in the answer, the judge at circuit was right in refusing to allow the defendant to show its consideration as a defense to plaintiff's claim of exemption from levy and sale on execution of the property in suit.

Judgment affirmed.