Carrier vs. Carrier and another.

CARRIER, Respondent, vs. CARRIER and another, Appellants.

*February 4 — February 28, 1888.*

*Replevin: Judgment: Recovery of part of property.*

1. The verdict and judgment in replevin must determine the right to the possession of all the property involved, even though a part thereof was not taken from the defendant and the answer did not claim a return of the property.
2. Where the judgment in replevin is for the recovery of five of six horses and one of two wagons claimed, a failure sufficiently to identify those not recovered is probably sufficient ground for a reversal.

APPEAL from the Circuit Court for *Fond du Lac* County.

The action is replevin brought to recover six horses, three colts, thirty-five cows, thirteen two-year olds, twelve year-

lings, nineteen calves, two hogs, fourteen pigs, fifty-three tons of hay, one platform wagon, one sleigh, two lumber wagons, and two sets of double harness, all alleged to be the property of the plaintiff, of the value in all of $2,850. The answer denies the plaintiff's ownership of the property, and alleges the same to be the property of one Emily S. Carrier, and that the defendants hold the same as her bailees. No proceedings were had for an immediate delivery of the property, and the same remained in the possession of the defendants until judgment.

The trial of the action resulted in a verdict for the plaintiff for five horses, three colts, one platform wagon, one double wagon, two sets of harness, fourteen pigs, and two hogs, of the aggregate value of $751. There was no finding in respect to the residue of the property, which consisted of one horse, all of the cows, two-year olds, yearlings, calves, and hay, one lumber wagon, and the sleigh. The verdict is in the form prescribed by the court in case the jury should find the plaintiff entitled to part of the property only. To the instruction in that behalf the plaintiff excepted in due time,— that is to say, before the close of the term at which the action was tried (R. S. sec. 2869); and such exception appears in the bill of exceptions.

Judgment for the plaintiff was entered pursuant to the verdict. The defendants appeal from the judgment.

For the appellants there was a brief by *Kelly & Martin*, and oral argument by *Mr. P. H. Martin*.

For the respondent there was a brief by *Duffy & McCrory*, and oral argument by *Mr. J. H. McCrory*. They contended, *inter alia*, that the verdict sufficiently determined the rights of the parties to this suit under the issues raised. *Walker v. Hunter*, 5 Cranch C. C. 462; *Waldman v. Broder*, 10 Cal. 378; *Dowell v. Richardson*, 10 Ind. 573; *Edwards v. McCurdy*, 13 Ill. 496; *Emmons v. Dowe*, 2 Wis. 322.

Lyon, J. The verdict and judgment leave wholly undetermined the issue made by the pleadings as to the right to the possession of the property not included therein. This is an irregularity fatal to the judgment. No rule is better settled than that the verdict and judgment must dispose of all the issues involved in the action, and the right to the possession of the property not included therein is one of those issues. *Ronge v. Dawson*, 9 Wis. 246, and numerous cases there cited.

It was argued on behalf of the plaintiff that, because the omitted property had not been taken from the possession of the defendants, the omission thereof is immaterial. We cannot concur in this view. In replevin both parties are actors, and the defendants may justly insist that their right to the possession of the omitted property be established by the verdict and judgment. *Young v. Lego*, 38 Wis. 206, holds this doctrine. In that case the omitted property had not been replevied, but remained in the hands of the defendant, yet the judgment was reversed because of the omission. The fact that *Young v. Lego* arose in a justice's court is immaterial. The rule above stated extends to all courts having jurisdiction of the action of replevin. In the present case the verdict should have been that the defendants were entitled to the possession of the omitted property, and the judgment should have followed the verdict. An argument is based upon the omission of the defendants to claim in their answer a return of the property. *Timp v. Dockham*, 32 Wis. 146, is authority that such omission has no significance.

There is another defect in the judgment. Six horses were claimed, and the plaintiff recovered only five of them. Also two lumber wagons were claimed, and the plaintiff recovered but one of these. The horse and wagon not so recovered are not sufficiently identified to inform the sheriff serving an execution, or defendants, which of the horses and which

of the wagons were thus omitted. This defect alone is probably a sufficient ground for a reversal of the judgment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.