[Filed July 2, 1888.]

# MAGGIE KRAUSE, RESPONDENT, *v.* GEORGE HERBERT, APPELLANT.

REPLEVIN.—It is not necessary in a complaint in replevin to describe specifically the character of the property, as that it is exempt from sale upon execution, any more than it is an action of trespass or trover.

SAME—ALLEGATIONS ON.—The cause of action is complete without any statement of the reason or authority for taking the property and its exemption. Such allegations are no part of the gist of the cause of action, and are not necessary to be proved in the first instance to entitle the plaintiff to recover.

PARTIES—RECORD OF FORMER ACTION.—Where the record of a former action is offered in evidence, it cannot be objected that the former action involved other parties, when the person making that objection was one of such parties though in connection with other persons; but this has no application to a nominal party to the record, as an officer, without any beneficial interest in the subject-matter of the litigation.

APPEAL from Wasco County.

*E. B. Dufur,* for Respondent.

*A. S. Bennett,* for Appellant.

LORD, C. J.—This was an action in replevin, and the complaint is in the usual form for property wrongfully taken and detained. The defense is that the property was taken under an execution upon a judgment in favor of Atwater and Story *v.* the plaintiff Krause and E. W. Krause, her husband. In her reply the plaintiff traversed the new matter set out in the answer, and claimed that the property was exempt, and was so claimed at the time of the levy. There are several assignments of error, but in substance the majority of them raise the same question, which is, that all evidence tending to show that the property mentioned in the complaint was exempt, was error.

This argument seems to be based on the theory that the particular character of the property as exempt should be specifically alleged in the complaint, and that the omission to do so precludes the plaintiff from showing that the property levied upon was exempt. This position necessarily asserts that the matter of exemption alleged in the reply is inconsistent with the facts alleged in the complaint. But this is not so; and if it was, the defendant should have proceeded in some other way to get rid

of it; but in any view it cannot affect the question involved here. Nor is it necessary in a complaint in replevin to describe specifically the character of the property, as that it is exempt from sale upon execution, any more than it is in an action of trespass or trover. Where a complaint sets forth such facts, Janes, J., said: " The cause of action was complete without any statement of the reason or authority for taking the property and its exemption. (*Butler* v. *Mason,* 16 How. Pr. 546.) Such allegations were no part of the gist of the cause of action, and were not necessary to be proved in the first instance to entitle the plaintiff to recover." (*Dennis* v. *Snell,* 50 Barb. 98.) In such case it is sufficient to allege the facts according to the form usually prescribed and followed.

The defendant has no right to insist that the complaint shall be specifically framed to enable the plaintiff to maintain her right of exemption any more than to maintain any other special right to the possession of the property. Upon the issue joined, as disclosed by the record, it was incumbent upon the plaintiff to show that she owned and was entitled to the possession of the property described in the complaint; that she was engaged in some business or employment which required the use of the same, and that it did not exceed in value the sum named in the statute; and that she had selected and reserved the same at the time of the levy, or as soon thereafter as the same became known to her. Now all the questions asked to which exceptions were taken were directed to proving some one of these matters, and specially the fact, that at the time of the levy the plaintiff designated and selected the property as exempt from sale upon execution. Under the exemption laws the plaintiff had the undoubted right to designate and claim the particular property as exempt by law from execution. This personal privilege she claimed to have exercised in time to preserve her rights and protect her property as exempt, and the proof of these facts in the present action was a part of the issue and clearly admissible. There was therefore no error in admitting such evidence.

The next assignment of error is as to the admission as evidence of the pleadings and records of a case in which the present

plaintiff was plaintiff in that action, and the present defendant was defendant therein, together with August Buchler and Joseph Frieman, who are not parties to this action. By reference to the record of that case it appears that the plaintiff here began an action in replevin in a Justice's Court to recover of the defendant here, and the defendants Buchler and Frieman, the identical property involved in the present action. In their answer the defendants denied the ownership and title of the plaintiff, and alleged affirmatively that the property belonged to her husband. The trial resulted in a verdict and judgment in favor of the plaintiff. It will be seen then that the plaintiff is the same in this action as in that, the property is the same, and that the defendant here is one of the defendants there; but in the first and in the last case he is only a nominal defendan., and without any interest in the subject-matter of the litigation.

When the pleadings and record of the first action were offered in evidence, the defendant objected to their admission, because the parties were different and the issues not the same. The court overruled the objection, and the evidence was admitted. The correctness of this ruling is the question for our determination. One of the material facts to be established in the present action was the plaintiff's ownership of the team in litigation, and the pleadings and record of the former action show on their face that this was one of the material allegations to be established in that action, and one of the issues made by the defendants, and that such issue was found against them. The object of introducing the record of the former action was not as a bar or estoppel to the present action, but as evidence of one of the material facts in issue, namely, the plaintiff's ownership of the team, which had been adjudicated between them. But in that action the defendant Herbert was not a beneficial party in interest, and was invested with no power to control the proceedings; he was only present as a party by virtue of his office as sheriff, and in no other capacity, and without any interest in the subject-matter of the litigation or fruits in the judgment. The defendants Buchler and Frieman were the legal and beneficial parties in interest, who had rights to be determined by the liti-

gation, and who are bound by the result. There was, therefore, in that action no fact adjudicated which binds the defendant in this action. Nor is the defendant litigating any right or interest in the present suit in his individual capacity; he is simply justifying as an officer under an execution issued in favor of Atwater and Story, who seeks to appropriate the property to the payment of their debt.

It is plain, then, that the judgment of the former suit cannot be used in the present action as an adjudication of the fact mentioned. It may be true that where a defendant is a party to a record with other persons as parties, all of whom have rights to litigate and an interest in the result, cannot, in another action involving the same subject-matter or issue in which he is a party, object that the former action involved other parties, when he was one of such parties. If the defendant Herbert in the former action had been a real party to the record, although with other persons, and had rights to litigate, and was in the present action litigating the same fact in his own right and in the same capacity, the fact that there were other persons as parties to such former action would constitute no valid objection to the admission of the record of such action.

In *Larum* v. *Wilmer*, 35 Iowa, 244, it was held that the objection that a prior adjudication pleaded as an estoppel was between other parties is not well taken, when it appears that the person making the objection was a party to the former suit, though in connection with other persons who were also parties thereto. But this can have no application to a nominal party to the record, and who, being without any right to litigate or interest in the subject-matter, constitutes no adjudication as to such party.

It follows that it was error to admit the record, and the judgment must be reversed and the cause remanded for a new trial.