WILLIAM CAMP, *Plaintiff in Error*, v. THE STATE OF FLOR-IDA, *Defendant in Error.*

CRIMINAL LAW—EVIDENCE—LEADING QUESTIONS.

1.  Where the matter sought to be proved is simply the fact that a written order for the payment of money was made and delivered by the defendant, as contradistinguished from the terms or provisions of such written order, the best evidence rule does not apply, and parol evidence is admissible.

2.  Trial courts are vested with a wide discretion in permitting leading questions to witnesses, and the exercise of such discretion cannot avail as ground of error.

3.  The fact that a defendant on trial for conducting a gambling house stood bail surety for parties arrested in the act of gambling on said premises may be shown in evidence as tending to connect the defendant with the proprietorship of such premises.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record, Escambia County.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—The plaintiff in error was informed against, tried and convicted in the Criminal Court of Record of Escambia County of the crimes of keeping and maintaining gaming tables, and of keeping a gaming room, and of permitting divers persons to gamble in premises kept by

him, and of knowingly renting certain premises for the purpose of gaming or gambling, and was sentenced to eighteen months imprisonment in the penitentiary, and to review this judgment brings the case to this court by writ of error.

There are twenty-seven assignments of error, but all of them are abandoned here except the 3rd, 4th, 6th, 9th and 10th, 18th, 19th, 20th and 21st.

One Brazil, a State witness, was asked the following question: "In what way did you help Mr. Davis running the game." This question was objected to by the defendant but his objection was overruled and this ruling constitutes the third assignment of error. There was no error in this ruling. The evidence for the State conclusively made out a case against the defendant of maintaining a gambling room, and the witness to whom the challenged question was propounded testified himself to have been an employee of the defendant in operating such gambling room, and the question objected to tended to elicit these facts. The same witness was permitted over the defendant's objection to testify to the fact that the defendant had given him two written orders for money on other employees of his who were conducting the gambling rooms, in payment for his own services in and about the same business. The objection urged was that the written orders given were the best evidence and that the witness should not be permitted to testify as to their contents unless it were first shown that said orders were lost or destroyed. There is no merit in this the 4th assignment. The purpose of the testimony was to show that the defendant was the proprietor of the gambling place and that he employed and paid the witness to conduct it with others. For this purpose the evidence objected to was legitimate whether the written orders were in existence

and accessible or not.   See Wilson v. Jernigan, 57 Fla., 277, 49 South. Rep. 44, and authorities there cited.

Another State witness, one Johnson, who had testified to being an employee in said gambling place was asked the question: "What were the profits of that game?" Meaning the profits that the proprietors got out of it. This question was objected to by the defendant, but the objection was overruled, and this ruling is assigned as the 6th error.   There was no error here.   The question and the answer thereto tended to establish the fact that the defendant maintained a gambling place where money was staked, won and lost, and that the defendant made a money profit out of it, which was legitimate proof in, such a case.

The prosecuting attorney, over the defendant's objection was permitted to put leading questions to one Joe Harris, a witness for the State, and these rulings are assigned as the 9th and 10th errors.   There was no error here that can avail the defendant.   Trial courts are vested with a wide discretion in permitting leading questions to witnesses, and the exercise of such discretion cannot avail a plaintiff in error as ground of error.   Coker v. Hayes, 16 Fla. 368; Southern Express Co. v. VanMeter, 17 Fla. 783.

The 18th assignment of error complains of the court's permitting the prosecuting attorney to introduce two written orders signed by the defendant and delivered to one DeBroux, a State witness, both for money, which the witness testified was for his winnings in a gambling game in the defendant's place.   There was no error in this.   The evidence was proper and legitimate, and tended to connect the defendant with the proprietorship of the gambling place.

A State witness was permitted over the defendant's objections to testify that on the night when the gambling

place was raided by the police and divers persons found there gambling were arrested that the defendant went security on the appearance bond of one Harding or Hollman one of the parties, so arrested. This ruling constitutes the 19th, 20th and 21st assignments of error. There was no error here. The evidence tended to establish the offense charged in that it showed a solicitude on the part of the transgressing defendant to take care of parties getting into trouble in his premises.

Finding no error the judgment of the court below is hereby affirmed at the cost of plaintiff in error.

HOCKER and PARKHILL, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.