J. M. BELL, SHERIFF, *Plaintiff in Error*, v. MELISSA NILES, *Defendant in Error*.

1. Where a writ of error purports to be taken to a final judgment and no such final judgment as will support a writ of error appears in the transcript, the court will not proceed to consider the errors assigned but will dismiss the writ of error whether a motion be made for that purpose or not, since, except in case of an order granting a new trial under the statute, a writ of error may properly issue only to a judgment making a final disposition of the action in the trial court.

2. A judgment that the plaintiff "have and recover of the defendant the sum of $       , its costs in this behalf expended," is not a judgment finally disposing of the cause, and will not support a writ of error.

This case was decided by Division A.

Writ of error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*S. K. Gillis* for Plaintiff in Error;

*W. T. Bludworth* for Defendant in Error.

WHITFIELD, C. J.—Melissa Niles brought an action of replevin against the sheriff and was given possession of the property. At the trial, a verdict was rendered that the plaintiff was entitled to the property and the following judgment was entered thereon:

"Whereupon it was ordered by the court that the plaintiff, Melissa Niles have and recover of the defendant J. M. Bell, sheriff, the sum of $          its costs in this behalf expended to be levied of the goods, chattels, lands and tenements of the said defendant and to the plaintiff rendered for which let execution issue." The statute provides that "the plaintiff shall have judgment for his damages caused by the taking and detention, and for his costs of suit." Sec. 2188 General Statutes of 1906. Section 1691 of the General Statute provides that: "Writs of error shall lie only from final judgments, except as specified in section 1695," which section authorized "writs of error from orders granting new trials."

A final judgment is one that adjudicates the merits of the cause or disposes of the action. A judgment that the plaintiff recover of the defendant his damages in a stated sum is a final judgment to which a writ of error lies. If damages are waived the defendant should be adjudged to be discharged of them.

A judgment for costs alone, is not such a final judgment as will support a writ of error. Hall v. Patterson, 45 Fla., 353, 33 South. Rep. 982; Dexter v. Seaboard Air

Line R. Co., 52 Fla., 250, 42 South. Rep. 695; Blanton v. West Coast R. Co., 58 Fla. 169, 50 South. Rep. 945.

Where a writ of error purports to be taken to a final judgment and no such final judgment as will support a writ of error appears in the transcript, the court will not proceed to consider the errors assigned but will dismiss the writ of error whether a motion be made for that purpose or not, since, except in case of an order granting a new trial under the statute, a writ of error may properly issue only to a judgment making a final disposition of the action in the trial court. Goldbring v. Reid, 60 Fla. 78, 54 South. Rep.

The judgment in this case is merely that the plaintiff "have and recover of the defendant the sum of $ its costs in this behalf expended." As this is not a judgment finally disposing of the action or adjudicating the merits of the cause, the writ of error was erroneously issued and it is hereby dismissed.

Shackleford and Cockrell, J. J., concur.

Taylor, P. J., and Hocker and Parkhill, J. J., concur in the opinion.