J. M. BELL, SHERIFF, *Plaintiff in Error,* v. MELISSA NILES,
*Defendant in Error.*

1.  An action of replevin is brought for the purpose of recovering
    the possession of personal property, and the verdict rendered
    therein should find and determine the right of possession to
    the property in dispute and the judgment should conform to
    the verdict.

2.  A special plea tendering an issue covered by the plea of not
    guilty should be stricken out either on motion of the plaintiff
    or by the court of its own motion, under section 1433 of the
    General Statutes of 1906, as tending to embarrass the trial,
    though such a plea is not for that reason demurrable.

3.  A defendant may specially plead a former adjudication, if he
    sees fit to do so, but he may not so specially plead it in con-
    nection with a plea of the general issue, since a former recov-

ery may be shown in evidence, under a plea of the general issue, as well as pleaded in bar.

4. In an action of replevin against an officer no demand for a surrender of the property in question is required as a condition precedent to such action, where such officer has levied a writ of execution upon and taken possession of goods which are in the possession of one not named in such writ, even though such officer acts in good faith; if such levy is unlawful as to the plaintiff he is under no duty to make a demand.

5. An objection is properly sustained to a question propounded by the defendant, on cross-examination of the plaintiff as a witness in her own behalf in an action of replevin, which seeks to elicit the opinion of the witness as to whether or not her right to the possession of the property in dispute had been tried in a previous action, especially when such question is objectionable for the further reason that it is not in cross of anything brought out on the direct examination of the witness.

6. The overruling of a demurrer to the evidence must be shown by the record proper, and, when such ruling appears only in the bill of exceptions, an assignment of error predicated thereon must fail.

7. In order to sustain the contention of *res judicata*, the complete record in the former suit, including the judgment therein, should be produced and offered in evidence, and not incomplete or detached portions thereof.

8. Section 1522 of the General Statutes of 1906, providing that "all final judgments and decrees, heretofore or hereafter rendered and entered in the Circuit Courts of this State, and certified copies thereof, shall be admissible as *prima facie* evidence in the several courts of this State of the entry and validity of such judgments and decrees," has no applicability to a judgment rendered in a county judge's court.

9. A correct ruling of the trial court will not be disturbed because of erroneous or wrong reasons which may have been given therefor, as it is with the ruling itself, and not with the reasons therefor, with which an appellate court is concerned.

10.   Where the evidence fully makes out the plaintiff's case, and
      there is no evidence to contradict or rebut it, a peremptory
      charge for a verdict in the plaintiff's favor is proper.

11.   A motion for a new trial is not a part of the record proper,
      but must be embodied in the bill of exceptions, together with
      the exception to the ruling thereon.

This case was decided by Division A.

Writ of error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*S. K. Gillis,* for Plaintiff in Error;

*Worth W. Trammell* and *J. J. Sullivan, Jr.,* for Defendant in Error.

SHACKLEFORD, J.—This is an action of replevin brought by the defendant in error against the plaintiff in error to recover the possession of a certain boat. A former writ of error was dismissed for the reason that the transcript of the record failed to show any final judgment. Bell, sheriff, v. Niles, 60 Fla. 31, 53 South. Rep., 714. Thereafter, on motion of the defendant, the following proceedings were had:

"In the Circuit Court of Walton County, First Judicial Circuit of Florida.

Melissa Niles,
        v.                    Replevin
J. M. Bell, as sheriff.

A verdict for the plaintiff having been rendered in the above stated case at the Spring Term, A. D. 1910, of said court and no final judgment having been heretofore en-

tered thereon, the defendant, by his attorney, having moved the court for a final judgment herein and having notified the attorney for the plaintiff of the time and place when and where the said motion would be presented, and having considered the same:

It is ordered and adjudged and the judgment of the court is that the plaintiff, Melissa Niles, have and recover of and from the defendant, J. M. Bell, as sheriff, the sum of thirteen dollars and thirty-nine cents, her costs in and about the said cause expended, to be levied of the goods and chattels, lands and tenements of the defendant and to the plaintiff rendered, for which let execution issue.

And there being no proof of any damages to the plaintiff caused by the taking and detention of the property replevied, it is further ordered and adjudged and the judgment of the court is that the defendant, J. M. Bell as sheriff, be and he is hereby discharged of any damages for the taking and detention of the property replevied, and upon the payment of the said costs that he go hence without day, and that· the said plaintiff take nothing in this cause for any damages she may have sustained by the taking and detention of the property replevied in this cause.

Thus done and ordered at Pensacola, Florida, on this the 7th day of December, A. D., 1910.

J. Emmet Wolfe,<br>Judge."

It may well be questioned, though no point is made thereon, whether this is the proper *form* of the final judgment which should be rendered and entered in an action of replevin when the chattel, to recover the possession of which the action was brought, has not been delivered to the defendant. Paragraph 1 of section 2188 of the General Statutes of 1906 is as follows:

"When Goods Not Delivered to the Defendant.—If it shall appear, upon default of the defendant, or upon trial or otherwise, that the goods described in the declaration were wrongfully taken or detained by the defendant, and the said goods shall have been delivered to plaintiff by the officer executing the writ, the plaintiff shall have judgment for his damages caused by the taking and detention, and for his costs of suit."

We referred to and copied a portion of this statute in the opinion rendered upon the former writ of error in this case, 60 Fla. 31, 53 South. Rep., 714, but we did not undertake to prescribe the form of the final judgment that should be rendered and entered. We did say that "A final judgment is one that adjudicates the merits of the cause or disposes of the action. A judgment that the plaintiff recover of the defendant his damages in a stated sum is a final judgment, to which a writ of error lies. If damages are waived, the defendant should be adjudged to be discharged of them." We have several times had occasion to consider the requisites of a final judgment. See Harrison v. Thurston, 11 Fla., 307; Mitchell v. St. Petersburg & Gulf R. Co., 56 Fla., 497, 47 South. Rep., 794; Dallam v. Sanchez, 56 Fla., 779, text 785, 47 South. Rep., 871, text 873, and decisions there cited; Mizell Live Stock Co. v. J. J. McCaskill Co., 57 Fla., 118, 49 South. Rep., 501. We have further held that the action of replevin is brought for the purpose of recovering the possession of personal property, Malsby v. Gamble, 61 Fla.       , South Rep.,   , and authorities there cited, and Covington v. Clemmons, 61 Fla.   , South. Rep.,   . We have also held that in an action of replevin the judgment must conform to or follow the verdict and should describe or identify the property. Holliday v. McKinne, 22 Fla., 153. In the instant case the verdict was as follows:

"We, the jury find for the plaintiff, Melissa Niles and

find that she was as against the execution levied in the case of R. L. Studebaker vs. H. E. Niles entitled to the possession of the property described in the declaration herein at the time of the institution of the suit and still is entitled to the possession of said property as against the levy of said execution, said property described as follows to-wit: One Launch named Mabel. So say we all."

In this case the possession of the chattel was retained by the plaintiff under her writ of replevin, and in this it is distinguished from Holliday v. McKinne, *supra*. The verdict found the right of possession to be in the plaintiff and the judgment should have conformed to it. In other words, the judgment should determine the right of possession to the property involved in the action. See Wells on Replevin (2nd ed.) 651, note XXXIV; 34 Cyc., 1538, 1540, 1545; 18 Ency. of Pl. & Pr., 587, 599. The following authorities will also be found instructive: Everit v. Walworth County Bank, 13 Wis., 419; Carrier v. Carrier, 71 Wis., 111, 36 N. W. Rep., 626; Hanscom v. Burmood, 35 Neb., 504, 53 N. W. Rep., 371; Leonard v. Maginnis, 34 Minn., 506, 26 N. W. Rep., 733; Marrinan v. Knight, 7 Okla., 419, 54 Pac. Rep., 656; Webb v. Hecox, 58 N. Y. Supp., 382, 27 Misc. Rep., 169; Gramm v. Fisher, 3 Wyo., 595, 29 Pac. Rep. 377; Claudius v. Aguirre, 89 Cal., 501, 26 Pac. Rep., 1077; Caruthers v. Hensley, 90 Cal., 559, 27 Pac. Rep., 411. As we have already said, the sufficiency of this judgment is not raised before us, but we have thought it well to make these suggestions.

No point is made on the declaration, which is in the usual form. The defendant filed a plea of not guilty and also the following special plea:

"That the right of the defendant to the possession of the property replevied has been adjudicated by a court of competent jurisdiction adjudging that the said property was not the property of the plaintiff and was properly in

the possession of the sheriff of Walton county, Florida, that is to say, that the plaintiff herein on the ———day of A. D., 1908, filed her claim affidavit and bond with the sheriff of Walton county, Florida, in a claim suit wherein she claimed the said property which had been levied upon by the said sheriff under and by virtue of an execution issued out of the County Judge's Court of Walton county, Florida, wherein R. L. Studebaker was plaintiff and H. E. Niles was defendant, which affidavit and bond was filed in the said County Judge's office as required by law. That the said judgment has never been appealed from nor set aside and is still in full force and effect. That on the ——— day of February, A. D. 1909, the said claim suit was tried in the said County Judge's Court and a verdict rendered in favor of the plaintiff in execution and a final judgment was on the ——— day of February, A. D., 1909, entered in favor of the said plaintiff in execution and against the said claimant, plaintiff, herein, in said court, deciding the right of the property to be in the said defendant in execution and subject to said judgment and execution, and not in the plaintiff herein; that said judgment in said claim suit has not been appealed from nor vacated, but is still in full force and effect in said court, and has been ever since the same was entered as aforesaid; that the said property was re-levied upon by the defendant in his official capacity under and by virtue of the said original execution in said original suit, and was being held by him during the time of the publication of the notice of the sale thereof under the said execution and just before the sale thereof was replevied."

To this plea the plaintiff filed the following motion:

"Now comes the plaintiff by her attorney and moves the court to strike out the plea of the defendant filed on the 6th day of October, 1909, on the following grounds, to-wit:

1. Because said plea is frivolous and sets up no defense.

2. Because said plea is so framed as to prejudice and embarrass and delay a fair trial of this action."

The granting of such motion forms the basis for the first assignment. It is contended by the plaintiff that no error was committed in striking this plea for the reason that the plea of not guilty put in issue all the matters sought to be raised by the additional plea and that any evidence admissible under such additional plea could be introduced under the plea of not guilty. In support of this contention, the plaintiff relies upon sections 2185 and 2186 of the General Statutes of 1906, which are as follows:

"2185. (1721.) Pleadings of defendant.—

1. Time for Filing Pleas and Demurrers.—The defendant may plead or demur to the declaration within such time as is prescribed in other actions at law.

2. Plea of Not Guilty.—The defendant may plead that he is not guilty of the premises charged against him, and this plea shall put in issue not only the right of the plaintiff to the possession of the property described in the declaration but the wrongful taking and detention thereof.

2186. (1722.) Pleadings and proceedings by both parties. Pleadings and proceedings in replevin shall be as in other actions, when not inconsistent with the provisions of this chapter."

The plaintiff also cites as sustaining his contention Holliday v. McKinne, 22 Fla., 153, and Richbourg v. Rose, 53 Fla., 173, 44 South. Rep., 69, 12 Amer. & Eng. Ann. Cas., 274, 125 Amer. St. Rep. 1061. The plaintiff also relies upon the principle, which we have repeatedly announced, that a special plea tendering an issue covered by the plea of not guilty should be stricken out either on motion of the plaintiff or by the court of its own motion, under section 1433 of the General Statutes of 1906,

as tending to embarrass the trial, though such a plea is not for that reason demurrable. Atlantic Coast Line R. Co. v. Crosby, 53 Fla., 400, 43 South. Rep., 318, and prior decisions of this court therein cited. We are of the opinion that the contention of the plaintiff is sustained by the cited authorities. We recognize the fact, as is stated in 9 Ency. of Pl. & Pr., 612, treating of former adjudication: "The courts are widely divided as to the proper manner of raising this defense; some of them holding that where there is an opportunity to plead the former adjudication, it must be specially pleaded, while others hold it to be conclusive when introduced in evidence under the general issue. The latter, though opposed by many high authorities, would seem to be the better doctrine." It is an interesting question and the authorities are in irreconcilable conflict. While this court seems never to have had occasion to pass directly upon the matter, yet the tendency of its decisions has been to commit it to the doctrine that a former adjudication *need not* be specially pleaded. In Little Brothers v. Barlow, 37 Fla., 232, 20 South. Rep., 240, 53 Amer. St. Rep., 249, we held that "A former recovery may be shown in evidence, under a plea of the general issue, as well as pleaded in bar. When successfully *pleaded*, it is *conclusive* upon the parties. If the evidence offered, under a plea of the general issue, to support the contention of *res judicata* shows that the same subject-matter has already been litigated and adjudicated between the parties by the final judgment of a court of competent jurisdiction, it is as *conclusive* a bar to any further recovery as though it had been urged by special plea in bar." Also see Fulton v. Gesterding, 47 Fla., 150, 36 South. Rep., 56, and monographic note to Fahey v. Easterley Machine Co., 44 Amer. St. Rep., 562-572. It would seem that a defendant may specially plead a former adjudication, if he sees fit so to do, but that he

cannot so specially plead it in connection with a plea of the general issue.  It follows from what we have said that the first assignment has not been sustained.

The second assignment is as follows:

"The court erred in sustaining the plaintiff's objection to defendant's question to the plaintiff as to whether or not a demand has ever been made by her for the possession of the property in controversy before she instituted suit in replevin therefor."

The bill of exceptions discloses that the plaintiff caused herself to be sworn as the first witness in her behalf and testified as follows:

"My name is Melissa Niles, I have brought a suit against J. M. Bell the sheriff, to recover a launch named Mabel.  I was in possession of this launch before this suit was brought.  I am still in possession of it.  The sheriff Bell took possession of it, took it away from me before this suit was brought.  He took possession of it against my will.  I came in possession of it by having it built myself, and paid for it.  It was in my possession at the time J. M. Bell took possession of it without my permission and against my consent.  It was at Freeport, Walton county, Florida, when he took it.

CROSS EXAMINATION.

I don't know the exact date he took possession of it. He took possession of it because he said he had a judgment against it.  He had a judgment against it.  I do not know what paper he had in his possession at the time. Whereupon the following question was asked the witness : 'Did you ever make any demand upon him for this property after he took possession of it?'  To which question the plaintiff objected upon the grounds that it was irrelevant and immaterial.  And the said judge did then and

there sustain said objection, to which ruling the defendant did then and there except."

As is said in 34 Cyc., 1404, "There is some conflict of authority as to the necessity of a demand for a surrender of the property in question as a condition precedent to an action of replevin." Fortunately for us, we have to deal with only one aspect of this vexed question. The rule is laid down in section 368 of Wells on Replevin (2nd ed.) that "where an officer holding proper legal process takes goods from the possession of the defendant named in his writ, he is but doing his duty and his possession is lawful, so that replevin cannot be maintained against him without demand," but see note XXII on page 322 to the effect that no demand is required where the officer levies upon the goods which are in the possession of one not named in the execution, "even although the officer acts in good faith; if the levy is unlawful as to the plaintiff he is under no duty to make a demand." The following authorities there cited sustain this principle: Stone v. O'Brien, 7 Colo., 458, 4 Pac. Rep., 792; Hopkins v. Bishop, 91 Mich., 328, 51 N. W. Rep., 902; Burgwald v. Donelson, 2 Kans. App., 301, 43 Pac. Rep., 100; Forbes v. Martin, 7 Houston (Del.) 375, 32 Atl. Rep., 327; Chandler v. Colcord, 1 Okla., 260, 32 Pac. Rep., 330. Also see Cobbey on Replevin, section 466. While the precise point we are now considering was not raised therein, the discussion as to the necessity for a prior demand in an action of replevin in Webster v. Brunswick-Balke Calender Co., 37 Fla., 433, 20 South. Rep., 536, and Williams v. Hampton, 57 Fla., 272, 49 South. Rep., 506, throws some light upon it. At the stage of the trial when this question was propounded to the witness it had not been brought out or developed just how the defendant claimed the property in question. It had been made to appear by his special plea, which was stricken out on motion, as we have seen, that

the defendant had levied an execution upon such property which had issued out of the County Judge's Court for Walton County upon a judgment recovered therein by R. L. Studebaker as plaintiff against H. E. Niles as defendant, and that the plaintiff in the instant suit claimed such property as her property. Prior to the propounding of the question, to which the objection was interposed and sustained, the plaintiff had testified that she was in possession of such property when the defendant in his official capacity took possession of it, without her permission and against her consent. In the light of the cited authorities, we are of the opinion that no error was committed in sustaining the objection to the question propounded to the witness, therefore, this assignment must fail.

After the sustaining of such objection, the following proceedings took place, the plaintiff still being on the witness stand:

"Whereupon the following question was asked said witness: 'Has not the question whether or not this boat is your property been tried here in this Court House?' To which question the plaintiff object upon the grounds that it was irrelevant and immaterial and the record is the best evidence. And the said judge did then and there sustain said objection to which ruling the defendant did then and there except."

This ruling constitutes the basis for the third assignment. The defendant contends that "the question upon which this assignment is based was to elicit the fact that a decision of the right of property had been made, and was not for the purpose of showing by the witness the contents of the decision." In support thereof, he cites Wilson v. Jernigan, 57 Fla., 277, 49 South. Rep., 44; Florida Cent. & P. R. Co. v. Mooney, 45 Fla., 286, 33 South. Rep., 1010, 110 Amer. St. Rep., 73; Camp v. State, 58 Fla., 12, 50 South. Rep., 537. We fully approve of what

was held in these cited cases, but are of the opinion that they fail to support the defendant's contention. The question propounded in the instant case is unlike the questions in the cited cases, as an examination and comparison will show. By this question it was sought to elicit the opinion of the witness as to whether or not her right to the possession of the boat in dispute in the instant case had been tried in a previous action. This was not permissible. The best evidence rule applies. Although no such ground was urged, such question would seem to be objectionable for the further reason that it was not in cross of anything brought out on the direct examination of the witness. This assignment has not been sustained.

The fourth assignment is that "the court erred in overruling defendant's demurrer to the plaintiff's evidence." This assignment is not properly before us for consideration, as the record proper fails to show any such demurrer, or order or ruling of the court thereon. This assignment must fail under our holding in Loeffler v. City of West Tampa, 55 Fla., 276, 46 South. Rep., 426, and Ray v. Pollock & Bernheimer, 56 Fla., 530, 47 South. Rep. 940.

The fifth assignment is as follows: "The court erred in sustaining plaintiff's objection to the introduction in evidence of the judgment in the claim suit."

The defendant testified in his own behalf to the effect that he had levied upon the boat in question and taken the same into his possession under and by virtue of an execution, which had issued out of the County Judge's Court in an action wherein Robert L. Studebaker was plaintiff and Henry E. Niles was defendant, which execution, with the return thereon, was produced and filed in evidence, without objection. The defendant then produced as a witness W. E. Parish, who testified as follows:

"I am County Judge of Walton County, and have the records of the County Judge's Court. Here is the judg-

ment of R. L. Studebaker vs. H. E. Niles. It is dated June 9, 1908. Whereupon defendant offered and read in evidence the said judgment which is as follows:

R. L. Studebaker   |
     vs.              |     Assumpsit.
Henry E. Niles.   |

The defendant having been adjudged on the 1st day of June, A. D. 1908, to be in default for want of appearance in this cause and the plaintiff having moved for final judgment consequent upon such default and the court having ascertained the amount which the plaintiff is entitled to recover on the open account attached to the declaration by affidavit made by Robert L. Studebaker and filed herein, Now, Therefore, it is considered by the court that the said plaintiff do recover of the said defendant the sum of $93.50 and also the further sum of $6.75 as costs. See P. D. page 165. Done this 9' A. D. 1908. D. G. McLeod, County Judge.'

I have another judgment in which the same party was plaintiff in execution and the same party defendant and Melissa Niles, the plaintiff in this suit, was claimant. That is the claim suit. The judgment is here on page 265. This is the claim judgment on the same property.

Whereupon the defendant offered in evidence the said judgment which is in the words and figures as follows, to-wit:

'In the County Judge's Court,
Walton Co., Fla.
R. L. Studebaker vs. H. E. Niles, Melissa Niles, Claimant,
February 18, 1909.

Now on this day came the parties to this suit and announced themselves ready for trial, whereupon came a jury of six good and lawful jurymen, to-wit: Will Howell, Zachariah Cutts, W. L. Adams, M. T. W. Cawthon, Jesse

Smith and J. Q. Kennedy, who, being duly elected tried and sworn, and having heard the evidence, argument of counsel and charge of the court, retired in charge of the sheriff to consider their verdict, and having considered the same, returned the following verdict, to-wit: 'We the jury find a verdict in favor of the plaintiff in execution, R. L. Studebaker, and it appearing to the jury that the right of property in the property levied upon is in the defendant in execution and that the claim was interposed for delay, we award and assess the plaintiff damages in the sum of Eighteen Dollars and sixty cents $18.60, so say we all. M. T. W. Cawthon, Foreman.' Therefore, it is considered by the court and the judgment of the court is, that the right of property in and to the launch Mabel, the property in controversy, is and was in the defendant in execution, H. E. Niles, at the time the levy was made thereon and before, and not the property of the claimant, Malissa Niles. It is further ordered and adjudged that the plaintiff in execution, R. L. Studebaker, have and recover of and from the claimant, Malissa Niles, and H. E. Niles, M. King and C. H. Rutan as sureties on her claim bond the sum of $93.50, the amount of the judgment of the plaintiff in execution against the defendant in execution, interest and costs thereon, the value of the property levied upon and claimed as fixed by the officer and proven being more than said sum. It is further ordered and adjudged that the plaintiff in execution have and recover of and from the claimant, Malissa Niles and H. E. Niles, M. King and C. H. Rutan, sureties on said claim bond, the said sum of $18.60 the amount of damages awarded by the jury herein, together with the further sum of $152.50 plaintiff's costs attending the prosecution and trial of this claim.

Done and ordered this 22nd day of February, A. D. 1909.        W. E. Parish, County Judge.

To the introduction of which in evidence the plaintiff object upon the following grounds: 1. The judgment is not in compliance with the statute in claim suits. The judgment does not conform to the statutes in claim proceedings. 3. It is irrelevant and immaterial. 4. The jury did not find that the property was of any value.

And the said judge did then and there sustain the said objections and stated that the bond given by the claimant takes the place of the property, and the original plaintiff in execution looks to the bond to satisfy the judgment, instead of the property."

No extended discussion of this assignment is necessary. The proffered judgment was properly excluded, if for no other reason, though such ground of objection was not specifically urged, that, under our holding in Little Brothers v. Barlow, 37 Fla., 232, 20 South. Rep., 240, 53 Amer. St. Rep., 249, "In order to sustain the contention of *res judicata,* the *complete* record in the former suit, including the judgment therein, should be produced, and not incomplete or detached portions thereof." Also see Foot v. Glover, 4 Blackf. (Ind.) 313, there cited, and 23 Cyc., 1538. Section 1522 of the General Statutes of 1906, even if otherwise applicable, has no applicability to the judgment in question, since such statute relates only to final judgments and decrees rendered in the circuit courts of this State. Palmer v. Parker, 52 Fla., 389, 42 South. Rep., 398. We have in several cases announced the principles constituting *res judicata.* See Thornton v. Campbell, 6 Fla., 546; Yulee v. Canova, 11 Fla., 9; Lake v. Hancock, 38 Fla., 53, 20 South. Rep., 811, 56 Amer. St. Rep., 159; Virginia-Carolina Chemical Co. v. Fisher, 58 Fla., 377, 50 South. Rep. 504. We would also refer to Gould v. Evansville & C. R. Co., 91 U. S., 526; Cromwell v. County of Sac, 94 U. S., 351; Bissell v. Spring Valley Township,

124 U. S., 225, 8 Sup. Ct. Rep., 495. The discussion in sections 568 and 713 of Shinn on Replevin may also prove of service, as also the following authorities: Gardner v. Buckbee, 3 Cow. (N. Y.) 120; Keller v. Feldman, 81 Hun, 593; Fromlet v. Poor, 3 Ind., App., 425, 29 N. E. Rep., 1081; Hoisington v. Brakey, 31 Kans., 560, 3 Pac. Rep. 353; McKenzie v. Baltimore & Ohio R. R. Co., 28 Md., 161; Krause v. Herbert, 16 Ore., 429, 18 Pac. Rep., 852.

The following proceedings then took place:

"These are file papers I found in my office when I took charge of it the first of last year. (referring to the case papers in the claim suit). Whereupon the defendant offered in evidence the original affidavit and claim bond in the claim suit stating that they were offered for the purpose of showing that as to the right of this plaintiff to the possession of the property from the defendant, that question had been adjudicated in a court of competent jurisdiction from which there has been no appeal."

We do not copy such affidavit and bond, as no useful purpose would be accomplished by so doing. Objection to the introduction of papers was made by the plaintiff, which was sustained by the court and forms the basis for the sixth assignment. Our treatment of the fifth assignment is also applicable here. Such papers in themselves, even if they had been sufficiently identified, do not establish a former adjudication of the same subject matter between the same parties, so as to bring it within the principles enunciated in the cited cases. Such papers were offered independently, not in connection with any judgment rendered in the action in which they were filed. In other words, the entire record in such action was not produced, properly identified and offered in evidence. This being true, the trial court cannot be held in error for excluding detached papers, claimed to form a part thereof. We are not concerned with the reasons given by the trial

court for its rulings and are not called upon to express any opinion as to their correctness. See Hoopes v. Crane, 56 Fla., 395, 47 South. Rep., 992.

The seventh assignment is that "the court erred in giving the affirmative charge in favor of the plaintiff." In Tedder v. Fraleigh-Lines-Smith Co., 55 Fla., 496, 46 South. Rep., 419, we held that "Where the evidence fully makes out the plaintiff's case, and there is no evidence to contradict or rebut it, a peremptory charge for a verdict in the plaintiff's favor is proper." This assignment has not been sustained.

The eighth and last assignment is based upon the overruling of the motion for a new trial. It is sufficient to say that we have repeatedly held that a motion for a new trial is not a part of the record proper and must be embodied in a bill of exceptions, together with the exception to the ruling thereon. See Johnson v. State, 53 Fla., 42, 43 South. Rep., 430. The motion for a new trial in the instant case being found only in the record proper, such assignment cannot be considered by us. Having found no reversible error, the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.